|,PER CURIAM.
Granted in part; denied in part. In the event that retrial of this case reaches a penalty phase at which Ghebrab and Ase-ghedec Ghebrziharb may testify with regard to prior crimes committed against them by the defendant, the state is directed not to question either witness about the emotional impact those crimes may have had on their lives. Such testimony is not sanctioned by La.C.Cr.P. art. 905.2(A) because it does not “inform[ ] the sentencing authority about the specific harm caused by the crime in question ... necessary to determine the proper punishment for a first degree murder,” Payne v. Tennessee, 501 U.S. 808, 825, 111 S.Ct. 2597, 2608, 115 L.Ed.2d 720 (1991), and does not relate to the defendant’s character and propensities, as otherwise revealed by his actions in committing those crimes for which he has been convicted. See People v. Dunlap, 975 P.2d 723, 745 (Colo.)(“Evidence regarding the impact of a capital defendant’s prior crimes on the victims of those crimes ... is not admissible because it is not relevant to the actual harm caused by the defendant as a result | gof the homicide for which he is being sentenced.”), cert. denied, 528 U.S. 893, 120 S.Ct. 221, 145 L.Ed.2d 186 (1999).
In all other respects, the application is denied. Subject always to the trial court’s discretion in regulating the presentation of evidence, witnesses at a capital penalty phase may present their testimony augmented by prepared statements or literary creations such as poems to express the pain of their loss without depriving a defendant of a fundamentally fair sentencing hearing. See, e.g., Noel v. State, 331 Ark. 79, 960 S.W.2d 439, 446-47 (1998)(“Finally, [the witness] read a poem to the jury titled ‘Wishes from the Heart,’ that she had written about her [dead] children and that she ‘used as a tool to suppress the hurt and pain because sometimes it is so overwhelming....’ The trial court did not abuse its discretion in allowing this testimony.”).
KNOLL, J., recused.
TRAYLOR, J., would deny the writ.